MESINA M. BIFIELD *v.* BRUNER-RITTER, INC.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 4, 1957—decided January 7, 1958

*Samuel Engelman,* for the appellant (defendant).

*Paul L. Blawie,* for the appellee (plaintiff).

PER CURIAM. In this action the plaintiff had a verdict against the defendant, the only party she looked to for damages. She was in the employ of the United States government at the defendant's premises. The defendant is a manufacturer and was supplying certain products to the government. These products were inspected by government inspectors assigned to a portion of the defendant's plant. It appears that two adjoining rooms were placed at the

exclusive service of the government. Furniture and equipment were provided by the defendant. Included was a chair upon which the plaintiff had occasion to sit in the course of her employment. The chair collapsed, causing the plaintiff to fall to the floor and sustain the injuries which were the basis of this suit.

The finding sets forth that the plaintiff offered evidence, and claimed to have proved, that the defendant provided and maintained the furniture used by the government. Apparently this was done under the defendant's contract with the government. It is not questioned that the chair collapsed and that the plaintiff was thereby injured. Nor are the nature and extent of her injuries called into question. The appeal is solely concerned with the court's failure to charge on the question of control of the two rooms which had been assigned for the use of the government. It is argued that the court should have charged that the government was solely responsible for the two rooms and for the furniture and equipment therein. The complaint predicated liability of the defendant on a tortious breach of duty, springing, not from its control of the area of the premises where the government employees, including the plaintiff, worked, but from its agreement with the government to keep that area, including the chair and other furnishings therein, reasonably safe for normal use. The governing rule is that set forth in cases such as *Dean* v. *Hershowitz,* 119 Conn. 398, 406, 177 A. 262. Under the particular facts of the present case, the defendant's criticism of the charge is without merit.

There is no error.