No. 18,887.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
EDITH B. BALDWIN, ET AL.
(338 P. [2d] 103)

Decided April 20, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Messrs. RYAN, SAYRE & MARTIN, for plaintiff in error Fred H. Austin.

Messrs. HUTCHINSON & HUTCHINSON, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFFS in error, Industrial Commission and Fred H. Austin, will be referred to as the Commission and

employer, respectively. Defendants in error will be referred to as the claimants. The husband and father of the claimants, out of whose death this claim arose, will be referred to as the decedent.

Claimants sought death benefits under the Workmen's Compensation Act on account of the death of the decedent arising out of and in the course of his employment with employer. After hearing, the Industrial Commission found that the employer was not subject to the Workmen's Compensation Act because he was not an employer as defined by the Act. The finding of the referee, which became the finding and order of the Commission, is as follows:

"The respondent employer was not insured under the Workmen's Compensation Act. He employed at the time of the accident but one part-time employee, the decedent. Prior to 1952 the employer operated the Fred Austin Milk Lines and was insured with the Hawkeye Security Insurance Company from September 17, 1951, to September 17, 1952, at about which time he discontinued operation of that business. Subsequently he began operation of his present business operating as the Austin Car & Truck Rental Service. In this business he has not employed at any time four or more employees. The Referee, therefore, finds that the respondent employer was not an employer as defined by the Workmen's Compensation Act and this Commission is without jurisdiction herein."

The Commission's determination of non-liability on the part of the employer was reversed by the district court in a proceedings in the nature of certiorari and in which the record of the Industrial Commission was reviewed. The district court ordered the Commission "to have an award entered awarding claimants compensation" for the death of decedent. The Commission and employer are here by writ of error seeking reversal of the district court judgment and to have reinstated the original order of the Commission.

Sole question for determination: *Is the employer subject to the Workmen's Compensation Act at the time of decedent's accidental death so as to be liable to claimants for benefits provided by the Act?*

This question is answered in the negative.

The evidence shows that in 1943 the employer started a milk trucking business with his brother. He was operating about seven trucks and had more than four employees. He carried workmen's compensation insurance at that time, and, as the Industrial Commission records show, was subject to the Workmen's Compensation Act. In 1947 employer started a separate truck rental business, starting with one truck. Both were in the same place of business. He testified he had no employees in that business. The truck rental was at the same address but the testimony is that there were six to seven employees driving for him on the milk route. In 1953 the milk business was discontinued, and the workmen's compensation insurance being carried in that business was cancelled. Employer continued in the car rental business without employees until 1955 when he added an electric golf cart rental business. The decedent was doing repair work on these golf carts and constituted the sole employee. The decendent was killed in March 1956. It will be seen that four years after employer ceased his activities in the milk business and cancelled his workmen's compensation insurance, the court has, by its decree, declared him still subject to the Act because the record fails to show that he ever rejected the Act or withdrew therefrom in the manner prescribed by statute, C.R.S. '53, 81-4-2.

An employer is subject to the Workmen's Compensation Act if he "has four or more persons engaged in the *same* business or employment." C.R.S. '53, 81-2-6. It was established in *Comerford v. Carr*, 86 Colo. 590, 284 Pac. 121 (not affected by *Pacific Co. v. Industrial Commission*, 127 Colo. 400, 257 P. (2d) 404) that when an employer has four or more employees engaged at the

same time in the same business, he then becomes subject to the provisions of the Workmen's Compensation Act and can withdraw therefrom only in the manner prescribed by the Act, even though at a later time he has less than four employees in that business. It was not held in this case, nor in any case, nor should it be held, that once an employer becomes subject to the Act, he remains so subject forever, regardless of whether he discontinues the business in which he was so subject, or begins a new business, or is in no business at all. Such a rule would have disasterous results.

It appears from the decision of the court that because the employer was subject to the Act and carried insurance while in the milk business, when he opened the truck rental business — a separate and distinct business from his milk route — his liability in the milk activity extended to his new activities in the truck and car rental business. Based on this erroneous premise, the judgment in effect was that since the employer has continued uninterruptedly in the truck and car rental business, he is subject to the Act because he never withdrew as provided by the Act.

The pertinent section of the Act, supra, clearly states: "engaged in the *same* business or employment." The employer is not engaged in the milk business, and has not been for four years. His truck rental business was not subject to the Act merely because it began operations at a time when the milk business was subject to the Act. It was held in *Maley v. Martin*, 111 Colo. 545, 144 P. (2d) 558, "The law is well established that, 'An employer may conduct different departments or types of business some of which are within the compensation act and some of which are not * * *.' " Decedent was never employed by Austin in the milk business. Austin had no employees in the rental business until 1955. The fact of the simultaneous operation of the milk and rental business does not, in our opinion, have any compelling significance. Recognizing, as we do, that the Workmen's

Compensation Act is to be liberally construed to accomplish its beneficent purposes, we nevertheless have held, "its provisions must not be pushed beyond the limits of their purpose, nor its funds diverted to those not clearly entitled thereto, and the object of their creation be thus frustrated." *Industrial Commission v. Murphy*, 102 Colo. 59, 76 P. (2d) 741.

It appears clear that no reasonable or desirable rule of construction can subject employer here to the Workmen's Compensation Act. Obviously he is not in the Act by its express terms, and should not be brought thereunder by any strained interpretation of its unambiguous provisions.

The judgment of the court is reversed and the cause remanded with directions to reinstate the order of the Industrial Commission.

MR. JUSTICE SUTTON does not participate.