No. 19,877.

INDUSTRIAL COMMISSION OF COLORADO, ET AL., *v.*
STANDARD INSURANCE COMPANY, ET AL.

(370 P. [2d] 156)

Decided April 2, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Messrs. WORMWOOD, O'DELL and WOLVINGTON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

DEFENDANTS in error, Standard Insurance Company and George Noland Drilling Company, Inc., were plaintiffs in an action in the district court to review an order of the Industrial Commission of Colorado in a workmen's compensation proceeding under C.R.S. '53, 81-1-1, et seq. They will be referred to as the insurer and employer, respectively. Plaintiff in error, Floyd Lambertsen, the claimant, and the Industrial Commission were defendants in the review proceedings, and will be referred to as Commission and claimant.

The claimant was employed by the employer as a roughneck. While so employed he sustained an accidental injury to his left arm, breaking a bone in the area of his wrist. He was treated for this injury by a physician selected by the employer. The treatment resulted in a marked deformity of the claimant's left wrist requiring further operative procedure. The claimant was unable to return to work until corrective surgery had been performed. Claimant instituted an action for malpractice against the treating physician for injury result-

ing from the treatment of his arm.. This claim was settled for the amount of $5500. Thereafter corrective surgery was performed and the Commission ordered the carrier to pay permanent disability to the claimant of 50% of the left arm measured at the wrist. The Commission refused to subrogate the insurer to any part of the amount received by the claimant in settlement of his claim against the physician.

The insurer thereupon brought this action to set aside the award.

The insurer contends that it is entitled to credit against the compensation otherwise due claimant under the Act for the amount claimant received in settlement of his claim for damages against the physician who treated his injuries pursuant to the provisions of C.R.S. '53, 81-13-8. The insurer does not claim credit for amounts paid to claimant for temporary disability, but contends that it is entitled to credit for the amount received by the claimant in the malpractice action as against any award of permanent disability resulting from the malpractice.

In resolving the problem posed here we must determine whether the employer and insurer are liable for the ultimate permanent disability even though such disability may have been partially or wholly the result of unsuccessful or negligent medical treatment by the physician furnished by the employer.

In this state, employees are entitled to compensation under the Workmen's Compensation Act for "disability caused by accident." At common law the damages resulting from an accident included the aggravation of such injuries by negligent medical treatment as within the scope of the risk created by the original tortious act. This doctrine has been applied to workmen's compensation cases and it is now the general rule that aggravation resulting from negligent medical treatment of an injury incurred in an industrial accident is within the scope of the statutory liability of the employer.

The great weight of authority is that the em-

ployer is liable for the consequences naturally flowing from the accident, including the unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability based on the ultimate result of the accident regardless of the fact that the disability has been aggravated or increased by the negligence or carelessness of the physician. *Lincoln Park Coal & Brick Co. v. Industrial Commission,* 317 Ill. 302, 148 N.E. 79, 39 A.L.R. 1270; *Parchefsky v. Kroll Bros.,* 267 N.Y. 410, 196 N.E. 308, 98 A.L.R. 1387; *Vesel v. Jardine Min. Co.,* 110 Mont. 82, 100 P. (2d) 75; *Fitzpatrick v. Fidelity and Cas Co. of New York,* 7 Cal. (2d) 230, 60 P. (2d) 276.

Having determined that the disability resulting from the negligent treatment by the physician was compensable, it remains to be determined whether the physician whose negligence increased the disability is a third person under C.R.S. '53, 81-13-8. The term "third person" as there used has its usual meaning. It applies to any one incurring a common law liability for injury to workmen not immune to suit under the Act.

Section 81-13-8 recognizes common law rights against tort feasors who cause compensable injuries. The statute does not expressly destroy the common law remedy against the physician. The fact that injuries caused by malpractice are compensable by the employer, does not render the physician responsible therefor so intimately a part of the compensation system that the remedy against him is destroyed by implication. No employer-employee relationship or master-servant relationship exists between the physician and the employee. The physician does not share the burdens of the Act and he is not entitled to its benefits. The action against him for negligence is not abrogated by the statute. He is a stranger to the Act and subject to common law liability. *Froid v. Knowles,* 95 Colo. 223, 234, 36 P. (2d) 156; *Huntoon v. Pritchard,* 371 Ill. 36, 20 N.E.

(2d) 53; 2 Larson, *Workmen's Compensation Law,* 186, ff. and cases cited.

We come now to the question of whether the employer and insurer are subrogated to the rights of the injured employee against the negligent physician. Since we have determined that the physician is a third party and that the employer is liable for compensation for the injury caused by the physician's negligence, it follows that by the express provisions of 81-13-8 the employer and insurer are entitled to be subrogated to the rights of the employee in his malpractice action against the negligent physician. However, the employee's claim, being bifurcated, he can recover from the doctor only such damages as flow from the doctor's negligence. Accordingly, the insurer is subrogated only to the extent of the compensation he is required to pay for aggravation of the original injury by the doctor. Larson, *opus* cit., p. 193, ff; *Heaton v. Kerlan,* 27 Cal. (2d) 716, 166 P. (2d) 857; *Schumacher v. Leslie,* 360 Mo. 1238, 232 S.W. (2d) 913. Moreover, the insurer is not subrogated for compensation he is required to pay as a result of the accident which did not arise from the negligence of the physician. Medical expenses required to be paid under the statute are not compensation, hence are also not reimbursible to the subrogee. *Jacobson v. Doan,* 136 Colo. 496, 509, 319 P. (2d) 975. It is to be further noted that the carrier does not in this matter claim the right of reimbursement for compensation already paid.

The Commission calls attention to *Froid v. Knowles,* supra, as supporting its position that the insurer is not entitled to be subrogated to the claim against the doctor. That case dealt with the question of whether a settlement of compensation under the Workmen's Compensation Act constituted a bar to recovery against a physician for malpractice. It was held that it did not. The language employed in that opinion must be read in the light of the facts of that case and is decisive only of the matters there involved.

■ In the light of what we have said here, it was the Commission's duty to credit to the carrier against the amount of the settlement so much of the compensation due the claimant as was the result of negligent medical treatment.

The judgment of the trial court is accordingly reversed with direction to remand the case to the Industrial Commission with orders to determine what portion, if any, of the compensation awarded to the claimant was due to negligent medical treatment and to credit to the carrier as against the settlement such portion of the compensation award.

MR. JUSTICE DAY and MR. JUSTICE HALL concur.