STATE COMPENSATION INSURANCE FUND, Plaintiff-Appellee,

v.

GULF INSURANCE COMPANY, Defendant-Appellant.

No. 80CA0479.

Colorado Court of Appeals, Div. II.

April 16, 1981.

Edward V. Frayle and William J. Baum, Denver, for plaintiff-appellee.

Hall & Evans, Raymond J. Connell and Bonner E. Templeton, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Gulf Insurance Co., (Gulf) appeals from the entry of judgment in favor of plaintiff, State Compensation Insurance Fund (Fund). We reverse.

On December 13, 1975, William C. Dean was injured by an uninsured motorist in the course of his employment as a police officer for the City of Boulder. The City of Boulder was insured by Gulf and by the Fund for the injuries suffered by Dean.

Dean elected to receive compensation from the Fund under it's workmen's compensation policy and was paid $11,504.43. Dean subsequently claimed under the uninsured motorist provisions of the Gulf policy and proceeded to arbitration as provided by that policy.

The arbitrator determined that Dean's total damages resulting from the accident amounted to $15,000 and, after deducting the amount received by Dean from the Fund, awarded him $3,495.57. Dean accepted this award and released all other claims against Gulf and there was no appeal from this proceeding.

The Fund then sought a declaratory judgment to determine whether Dean's election to receive compensation benefits, which operated as an assignment to the Fund of Dean's cause of action against the third-party causing his injuries, required Gulf to reimburse the Fund for the $11,504.43 paid to Dean.

The trial court held that § 8–52–108, C.R.S.1973, subrogated the Fund to Dean's rights under Boulder's uninsured motorist policy and entered judgment for the Fund in the amount of $11,504.43.

Gulf contends on appeal that the cited statute does not assign to a workmen's compensation insurance carrier the beneficiary's right to recover from the uninsured motorist carrier. We agree.

Section 8–52–108, C.R.S.1973, provides that if an employee who has been injured by the negligence of a third party elects to take workmen's compensation benefits, the payment of compensation shall operate as an assignment to the Fund of his cause of action against "such other person." The Fund maintains that because Gulf must compensate Dean for damages caused by the uninsured tortfeasor, see § 10–4–319, C.R.S.1973, Gulf essentially steps into the shoes of the tortfeasor for purposes of the assigned cause of action. Thus, the Fund contends, it may pursue its statutory remedy against Gulf as if Gulf were the tortfeasor. We disagree with this contention.

**184**

The purpose of the uninsured motorist law is to provide protection to the *insured* for injuries caused by uninsured motorists. *See* § 10–4–319, C.R.S.1973; *Nationwide Mutual Insurance Co. v. Hillyer*, 32 Colo.App. 163, 509 P.2d 810 (1973). Although it is based upon the contingency of a third party's tort liability, Gulf's liability to Dean is contractual, and the Fund does not become a third-party beneficiary under the insurance contract. *Horne v. Superior Life Insurance Co.*, 203 Va. 282, 123 S.E.2d 401 (1962). Nor is the Fund subrogated to the employee's contractual rights under his uninsured motorist policy if the employee fails to assert such rights. *Commissioners of the State Insurance Fund v. Miller*, 4 App. Div.2d 481, 166 N.Y.S.2d 777 (1957). Finally, the uninsured motorist carrier does not become the alter ego of the tortfeasor by virtue of providing protection to the insured for injuries caused by the tortfeasor. *Fund v. Miller, supra.*

Since Gulf is not a third-party tortfeasor within the purview of § 8–52–108, C.R.S.1973, and since the assignment of Dean's cause of action to the Fund does not operate to subrogate the Fund to Dean's contractual right to recover uninsured motorist protection benefits, the trial court erred in requiring Gulf to assume the liability of the uninsured motorist and reimburse the Fund to the extent of payments made to Dean. *See Fund v. Miller, supra; see generally Industrial Commission v. Standard Insurance Co.*, 149 Colo. 587, 370 P.2d 156 (1962).

The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for defendant.

ENOCH, C. J., and KELLY, J., concur.