Elizabeth A. MULLEN

v.

BROWN HOMES, INC. and/or Aetna
Casualty & Surety Co.

Supreme Judicial Court of Maine.

June 2, 1976.

Monaghan & Perkins by Thomas F. Monaghan, Stephen L. Perkins, Portland, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Robert F. Hanson, Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The plaintiff, while employed by Brown Homes, Inc., sustained a compensable injury by the negligence of a third party. Under an approved agreement (39 M.R.S.A. § 94) she received from her employer compensation in the amount of $61.83 (two-thirds of her $92.75 weekly wage) from September 8, 1971 until August 22, 1972 when the employer unilaterally suspended payments and filed a Petition for Review of Incapacity (39 M.R.S.A. § 100).

When this Petition for Review of Incapacity was presented to the Commissioner for determination, the parties had agreed that Mrs. Mullen had resumed work, first at a wage of $60.00 per week and, currently, at $65.00 per week. They agreed that

" . . . a varying rate decree can issue on the petition for review of incapacity, awarding compensation at the rate of 2/3 the difference between $92.75 and $60.00. Future salary adjustments would of course modify the partial rate."

On May 16, 1972, Mrs. Mullen had received a total of $2,649.98 in workmen's compensation benefits from her employer's insurance carrier. On that date she had also effectuated a settlement of her claims against the third party who caused her injuries, in the total amount of $20,000. From this sum she paid her attorney fee and reimbursed her employer's insurance carrier for the full amount of the compensation she had been paid to that date, as she was required to do under the clear mandate of 39 M.R.S.A. § 68. The employer and its carrier asserted, however, that although Mrs. Mullen's compensable incapacity was continuing, they should be relieved of the obligation to make further payments until such time as the weekly compensation to which she would otherwise be entitled totalled the net balance of her recovery from the third party. The employee disputed this and the parties stipulated that

" . . . as part of the petition for review, the Commission should decide what effect the third party settlement has, if any, on the obligation to make future weekly indemnity or medical payments

under the Maine Workmen's Compensation Act."

The Commissioner acknowledged that "the statute is unclear as to whether the compensation lien should attach to benefits which would continue *after* the date of settlement" (emphasis added)[1] and then undertook a consideration of the issue as the parties had requested him to do. He concluded that the intent of 39 M.R.S.A. § 68 does not permit the employee to enjoy both the benefits of her workmen's compensation payments and her recovery from the third party and that the employer and its carrier have a lien on the net balance received by the employee from the third party. He ordered that the employer's obligation to make future payments is suspended until those suspended obligations accrue to an amount in excess of the net balance which the employee received from the third party. The employee appealed asserting, in part, that the Commissioner had no authority to exercise the jurisdiction which she had requested him to take.

Our own examination into the interesting question presented gets no farther than the threshold.

■ The employer had assumed an obligation to compensate Mrs. Mullen for her total incapacity by paying to her the sum of $61.83 per week. Upon the Commissioner's approval of this agreement, the assumed obligation became equivalent to an adjudication by the Commissioner (*Dailey v. Pinecap, Inc.*, Me., 321 A.2d 492, 493 (1974)) and the assumed obligation, open-ended as it was, continued until altered by a final decision upon a Petition for Review of Incapacity, under 39 M.R.S.A. § 100.[2]

---

1. 39 M.R.S.A. § 68 provides:

"When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages for or proceed at law against such other person to recover damages.

If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any decree or approved agreement shall have a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury. If the employee or compensation beneficiary fails to pursue his remedy against the third party within 30 days after written demand by an employer or compensation insurer in interest, the employer or compensation insurer shall be subrogated to the rights of the injured employee and shall be entitled to enforce liability in their own name or in the name of the injured party; the accounting for the proceeds to be made on the basis provided.

If the employee or compensation beneficiary recovers damages from a third person, he shall repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.

If the employer or compensation insurer shall recover from a third person damages in excess of the compensation and benefits so paid or for which he has thus become liable, then any such excess shall be paid to the injured employee, less a proportionate share of the expenses and cost of actions or collection, including reasonable attorney's fees. Settlement of such subrogation claims and the distribution of the proceeds therefrom must have the approval of the court wherein the subrogation action is pending or to which it is returnable; *or if not in suit, of a single commissioner.* When the court in which such subrogation action is pending or to which it is returnable is in vacation, the judge of the court, or, if the action is pending in or returnable to the Superior Court, any Justice of the Superior Court, shall have the power to approve the settlement of such action and the distribution of the proceeds therefrom. The beneficiary shall be entitled to reasonable notice and the opportunity to be present in person or by counsel at the approval proceeding.

2. Section 100 does permit the employer, pending hearing, to suspend payments temporarily upon the existence of certain preconditions, none of which were present here.

Section 100 authorizes either party to petition for Review of Incapacity

"upon the grounds that such incapacity has subsequently increased, diminished or ended."

■ This plain language seems to eliminate any likelihood that the Legislature intended that a Section 100 petition should also be used as a vehicle to distribute a recovery from a third party.

Although the procedure of section 100 is expressly made available for review of orders and agreements under sections 52, 56, 71 and 102, also, and although section 100 has been rewritten and twice amended after some of the problems concerning an employer's subrogation rights were called to public and official attention by the Court in *Buzynski v. Knox County,* 159 Me. 52, 188 A.2d 270 (1963), the Legislature has not seen fit to provide for enforcement of section 68 subrogation rights under section 100 or in any other manner.

Section 100 goes on to define the Commissioner's authority to act on such a petition:

"Upon such review the commissioner may increase, diminish or discontinue such compensation . . . in accordance with the facts, *as the justice of the case may require."* (Emphasis added.)

■■ The Commissioner has, of course, only such powers as are given him by statute (*Joyce v. Conary,* Me., 317 A.2d 794 (1974)) and, obviously, no equitable powers. He may "increase, diminish or discontinue" compensation as *"justice . . . may require"* but only in instances where the statute has vested in him jurisdiction over the subject matter. *Waltz v. Boston & Rockland Transportation Co.,* 161 Me. 359, 212 A.2d 431 (1965). This section does not empower the Commissioner to act generally in eliminating what appears to

him to be injustice in the operation of the Act.

Neither can we find authority for the Commissioner's action in the broad grant of powers in 39 M.R.S.A. § 92:

"The commission shall have general supervision over the administration of this Act, and shall have powers to make rules and regulations not inconsistent with this Act or other laws of the State for the purpose of carrying out the provisions hereof. It may prescribe forms and make suitable orders as to procedure adapted to secure a speedy, efficient and inexpensive disposition of all proceedings. In interpreting this Act it shall construe it liberally and with a view to carrying out its general purpose. . . ."

■ The section which created the employer's right to subrogation assigns the Commissioner a precisely defined responsibility in the distribution of recoveries from third parties. He is authorized only to approve the settlement of subrogation claims made by the employer with the third party *without suit,* and the distribution of those proceeds.

■ We do not reach—and we intend to suggest no opinion upon—the question whether the Commissioner correctly decided that the employer enjoyed a continuing lien[3] on the net balance of the employee's settlement which entitled the employer to a suspension of compensation payments until these payments accrued to a total greater than the net balance of the settlement. *Whatever* boundaries the Legislature may have intended to place upon the employer's subrogration rights, we are satisfied that no statutory provision has been made for the Commissioner's participation in their enforcement after settlement and distribution have been approved. The parties themselves cannot give the

---

3. Perhaps more understandably viewed as a claimed right of set-off.

Commissioner an authority not delegated to him by the statutes.

■ We must conclude, and with no disrespect to the Commissioner whom the parties persuaded to undertake to dispose of this "thorny issue", as he described it, that his efforts were in vain. His order of suspension of payments is, therefore, declared void.

■ The Commissioner's finding that the employee's disability has become partial and his order that weekly compensation be reduced to an amount equalling two-thirds of the difference between $92.75 and $60.-00 from August 22, 1972 to January 3, 1973 and thereafter to an amount equalling

■

two-thirds of the difference between $92.75 and $65.00, with future salary adjustments producing corresponding adjusted benefit payments, will stand.

The entry must be:

Appeal sustained as to order of suspension of payments.

It is further ordered that the appellees pay to the appellant $550 for her counsel fees, plus her actual reasonable out-of-pocket expenses of this appeal.

All Justices concurring.

DELAHANTY, J., sat at argument but did not participate further in the case.