■ WILLIAM C. DRYPOLCHER et al., Appellants, v NEW YORK TELEPHONE COMPANY, Respondent. — Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff sustained a work-related injury to his right knee which was thereafter negligently treated. Plaintiff received $31,861.23 in workers' compensation benefits, including $18,089 for permanent disability and $13,772.23 for medical expenses. He also recovered $90,000 in settlement of a malpractice action arising out of the treatment of his original injury. The self-insured employer, New York Telephone Company, thereupon asserted a lien against the proceeds for $31,861.23 (Workers' Compensation Law, § 29, subd 1). Plaintiffs sought to have the lien reduced, but the court refused to do so, except for attorney's fees. The court erred by refusing to reduce the lien. When an injured employee obtained workers' compensation benefits and a malpractice recovery, the employer is liable for the injury "apart from the malpractice" (*Matter of Parchefsky v Kroll Bros.,* 267 NY 410, 418). As conceded by New York Telephone, a lienor is entitled to recoup only those moneys expended as a result of the malpractice (*Cardillo v Long Is. Coll. Hosp.,* 86 Misc 2d 438, 440). To ascertain this sum, a hearing was conducted, at which plaintiffs called two medical experts, who were cross-examined by New York Telephone. Thereafter the court made factual findings generally favoring plaintiffs. Based on these findings, the court should have reduced the lien. We note, first, that the employer may not recoup any sums expended prior to the occurrence of the malpractice (*Matter of Parchefsky v Kroll Bros., supra,* pp 417-418), in this case the date that the infection was diagnosed (March 8, 1972). Similarly, the uncontroverted testimony established that the second operation to remove the prosthesis was necessitated by the infection, not the negligence in treating the infection. Therefore, the expenses of the second operation and the ensuing hospitalization (April 2, 1972 — April 23, 1972) may not be recouped either. Turning to the two subsequent hospitalizations, the medical testimony indicated that it could not be stated with medical certainty whether the negligent treatment of the infection contributed to the pulmonary embolism or the thrombophlebitis; to venture an opinion would be speculative. Since these medical complications may have been caused in part by the malpractice, New York Telephone may have a lien for these expenses. Finally, the hearing court found that the permanent disability would have been the same even without the negligent treatment. Although one of the two experts felt that the negligent treatment made the knee somewhat worse, the other expert was emphatic in his view that the permanent disability would have been the same. This testimony created a credibility contest which the trier of facts resolved in plaintiffs' favor, and we cannot say that the finding is erroneous. Therefore, New York Telephone may not recoup the money paid out for permanent disability. To sum up, on remand, the court should determine New York Telephone's lien by subtracting from $31,861.23: the expenses incurred prior to the onset of the malpractice (March, 8, 1972); the expenses of the second operation and hospital stay (April 2, 1972 — April 23, 1972); and the $18,089 paid out as permanent disability. Additionally, New York Telephone's share of attorney's fees must be reduced to one third of its remaining

lien, as determined by the court on remand (*Castleberry v Hudson Val. Asphalt Corp.*, 70 AD2d 228, 238-239). (Appeal from order of Onondaga Supreme Court, McLaughlin, J. — proceeds of settlement — workers' compensation lien.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.