## Lucien DIONNE

v.

### LIBBY–OWENS FORD CO., et al.

Supreme Judicial Court of Maine.

Argued Sept. 21, 1989.

Decided Oct. 13, 1989.

John C. Milazzo (orally), Zuckerman, Avaunt & Devine, Gray, for plaintiff.

Robert L. Hazard (orally), Allan M. Muir, Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

The employer, Libby–Owens Ford Co., appeals from a decision of the Appellate Division of the Workers' Compensation Commission, vacating an order of the Commission. The Appellate Division held that the Commission has no jurisdiction to determine the employer's right to setoff the employee's net recovery from a third party tort action against the payment of future workers' compensation benefits. We find that the Commission has jurisdiction and we vacate.

On April 13, 1982, the employee, Lucien Dionne, was involved in a work-related automobile accident in which a third party was negligent. The employee was permanently disabled, and the employer commenced payment of the benefits due under the Workers' Compensation Act. Subsequently, the employee brought an action in Superior Court against the third party in accordance with the procedure set forth in 39 M.R.S.A. § 68 (1989).[1] The employee obtained a settlement from the third party in the amount of $475,000. From the settlement proceeds, the employee repaid the employer a total amount of $122,406.62 for its existing lien up to the time of settlement. That figure was derived from a

---

1. Section 68 provides in pertinent part as follows:

   [W]hen an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages.
   If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any compensation payment scheme shall have a lien for the value of compensation paid on any damages subsequently recovered against the third party liable for the injury.
   . . . .
   If the employee or compensation beneficiary recovers damages from a third person, he shall repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under the Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.

total existing lien of $183,609.93 less a proportionate share of the attorney fees and costs incurred. By agreement of the employee and the third party, the remaining net recovery was used to purchase an annuity for the benefit of the employee that provides $847.81 per month for thirty years beginning June of 1987. Employee's average monthly benefit from worker's compensation was $2,118.32.

After the settlement the employer unilaterally stopped paying workers' compensation benefits. The employee responded by filing a petition for review of incapacity in which he asked for the resumption of payments with a setoff only for the amount received from the annuity. After hearing, the Commission held that the employer had "the right to set off any future compensation payments for the liability incurred ... until the amount so credited to the ... [the employer] should equal ... [the employee's] net recovery from ... [the third party]." The Commission also held that the employer was not required to file a petition for review of incapacity before stopping workers' compensation payments. On appeal, the Appellate Division reversed on the ground that the Commission has no jurisdiction to determine the means of enforcing the employer's lien.

In *Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006 (Me.1979) we held that the lien created by section 68 "secures reimbursement of all payments, even those made to satisfy the carrier's periodically-accruing liability after the disposition of the action against the third person ...." *Id.* at 1012. In the present case, the employee does not dispute that the lien, as interpreted in *Weeks*, creates a right of setoff against future payment of benefits. Rather, having obtained an unfavorable result after initiating a petition for review, the employee now argues that the Commission lacked the jurisdiction to act on his petition.

The Appellate Division relied on *Mullen v. Brown Homes, Inc.*, 358 A.2d 557 (Me. 1976) in concluding that only the Superior Court has jurisdiction to decide issues concerning the enforcement and distribution of the employee's subrogation rights. It should be noted that *Mullen* was decided three years before we ruled in *Weeks* that section 68 provides for a continuing lien on the employee's net recovery. Moreover, the present procedure for review before the Commission is significantly broader than the procedure considered in *Mullen*. Whereas the earlier statute confined review to changes in the level of incapacity,[2] the comparable statute now provides as follows:

> Upon the petition of either party, a single commissioner shall review any compensation payment scheme required by this Act for the purposes of ordering the following relief, as the justice of the case may require:
>
> A. Increase, decrease, restoration or discontinuance of compensation.

39 M.R.S.A. § 100(1) (1989). Given the current wording of section 100, the Commission did not exceed its statutory authority by resolving the dispute concerning the compensation payment scheme in accordance with the controlling principles enunciated in *Weeks*. To the extent that it is inconsistent with our holding in the present case, we overrule *Mullen v. Brown Homes, Inc.*, 358 A.2d 557 (Me.1976).

The entry is:

The decision of the Appellate Division is vacated. Case remanded with instructions to hear the employee's appeal from the Commission on the merits.

It is ordered that the employer pay to the employee $750.00 for his attorney fees plus

---

2. The provisions in effect in 1976 were as follows:

> While compensation is being paid ... the incapacity of the injured employee due to the injury ... may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such inca-

pacity has subsequently increased, diminished or ended .... Upon such review the commission may increase, diminish or discontinue such compensation ... in accordance with the facts, as the justice of the case may require.

39 M.R.S.A. § 100 (Supp.1973) (amended 1981).

his reasonable out-of-pocket expenses for this appeal.

All concurring.