KELVIN ROBINSON, Plaintiff-Appellant, v. LIBERTY MUTUAL INSURANCE COMPANY, Intervenor under Bernard Lerner, Defendant-Appellee.

First District (2nd Division)   No. 1—89—3470

Opinion filed November 19, 1991.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellant.

Keevers & Hittle, of Chicago (Joseph P. Postel, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff, Kelvin Robinson, appeals from an order of the circuit court granting intervenor, Liberty Mutual Insurance Company (Liberty), a lien on the proceeds of plaintiff's medical malpractice settlement. Plaintiff argues on appeal that the trial court erred in granting Liberty a lien for the full amount of the benefits it paid to plaintiff.

On February 27, 1981, plaintiff suffered an on-the-job injury to his back while employed at International Business Machines (IBM). In July 1982, the Illinois Industrial Commission (the Commission) determined that plaintiff was entitled to $6,067.47 in temporary total disability (TTD) benefits under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138 *et seq.*). This amount was paid by Liberty, IBM's insurer.

In October 1983, Dr. Bernard Lerner performed a laminectomy on plaintiff's back. Plaintiff's condition worsened following the surgery, and in January 1985, plaintiff filed a petition with the Commission seeking additional TTD benefits. In his petition, plaintiff alleged that

the surgery was the result of the February 1981 accident. Plaintiff's petition also alleged that IBM had not made any TTD payments since June of 1981 and requested an order requiring IBM to make TTD payments from June 1, 1981, until further order of the Commission. Subsequently, plaintiff was awarded an additional $73,899 in TTD benefits.

In April 1985, plaintiff filed a medical malpractice action against Dr. Lerner alleging that Lerner negligently performed the surgery and that as a result plaintiff became permanently disabled. This action was settled in 1989 for $350,000. Liberty intervened and filed a motion in which it argued that any settlement in plaintiff's favor should be "impressed" with a lien in Liberty's behalf in the amount of $79,966.47.

Liberty argued that it was entitled to a lien for the full amount of the TTD payments it made to plaintiff, if any part of the settlement was attributable to an on-the-job injury. Liberty also argued that having claimed before the Industrial Commission that he was entitled to TTD benefits because his condition following the surgery was a result of his compensable accident, plaintiff was estopped from asserting in court that Liberty's lien did not attach to the settlement proceeds.

In his response to Liberty's motion and on appeal, plaintiff alleged that the first payment of $6,067.47 was made before the alleged malpractice occurred. Plaintiff also alleged that Liberty should not be granted a lien for the full amount of the $73,899 payment because a portion of that payment related to the 2½-year period before the surgery during which plaintiff was unable to work. Plaintiff argued that the lien should not apply to that portion of the payment because Liberty would have been obligated to pay that amount even if plaintiff had never been treated by Dr. Lerner. Further, plaintiff contended that Liberty had failed to establish that there was any relationship between the care and treatment by Dr. Lerner and the monies paid out by Liberty.

Following arguments, the trial court ruled that a lien would not attach for the first payment of $6,067.47, but that Liberty was entitled to a lien in the amount of $73,899. Plaintiff appeals.

In his appeal, plaintiff argues that the trial court erred in awarding Liberty a lien for the entire $73,899 payment. In response, Liberty repeats its argument that plaintiff is estopped from denying that Liberty is entitled to a lien on the settlement proceeds because of his claim before the Commission that the surgery was a result of the original accident.

■ Liberty is correct in arguing that plaintiff may not adopt a position before this court that is contrary to the position he took before the Commission. (See *Mijatov v. Graves* (1989), 188 Ill. App. 3d 792, 544 N.E.2d 809.) It does not appear, however, that this is what plaintiff is attempting to do.

Plaintiff does not argue in this appeal that Liberty is not entitled to a lien on the settlement proceeds; rather, plaintiff asserts that Liberty's lien should not include benefits paid to plaintiff for the period prior to the surgery. Plaintiff argues that the trial court should have examined the $73,899 payment made by Liberty to determine which portion applied to TTD benefits that accrued in connection with the original injury, and which portion applied to benefits that accrued after plaintiff's injury was aggravated as a result of the medical malpractice. Plaintiff contends that Liberty's lien should include only the latter payments.

Liberty claims that this argument has been waived because it was not raised in the trial court. Liberty also claims that if it had known that plaintiff would contest the amount of the lien, it would have taken discovery on the issue.

■ Liberty's claim that it did not know that plaintiff was contesting the amount of the lien is belied by both the common law record and the transcript from the hearing on Liberty's motion. These clearly show that in the response to Liberty's petition to intervene and in arguments before the trial court, plaintiff contended that there should not be a lien for the amount of the TTD benefits attributable to the 2½-year period before plaintiff was treated by Dr. Lerner. Thus, there is no support to Liberty's claim that the issue has been waived.

We now turn to the merits of plaintiff's claim that Liberty is not entitled to a lien for the entire $73,899 payment.

Section 5(b) of the Workers' Compensation Act provides:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such

employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

\* \* \*

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such party." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b).)

Under section 19(h) of the Act, an award to an employee may be reviewed by the Commission at the request of the employer or the employee on the ground that the disability of the employee has recurred, increased, diminished, or ended. Ill. Rev. Stat. 1987, ch. 48, par. 138.19(h).

■ We find, based on the language used in the statute, that Liberty's lien should not apply to payments that accrued before plaintiff's surgery. Although there is no Illinois case that deals with this issue, our finding is in line with the position taken in a number of other jurisdictions where employers have lien rights against judgments or settlements between employees and third parties. (See *Dodds v. Stellar* (1947), 30 Cal. 2d 496, 183 P.2d 658; *Heaton v. Kerlan* (1946), 27 Cal. 2d 716, 166 P.2d 857; *Unruh v. Truck Insurance Exchange* (1972), 7 Cal. 3d 616, 102 Cal. Rptr. 815, 498 P.2d 1063; *Industrial Comm'n v. Standard Insurance Co.* (1962), 149 Colo. 587, 370 P.2d 156; *Breen v. Caesars Palace* (1986), 102 Nev. 79, 715 P.2d 1070; *Drypolcher v. New York Telephone Co.* (1981), 85 A.D.2d 895, 446 N.Y.S.2d 728.) In these cases, the courts have ruled that the employer's lien should extend to only those expenses attributable to the medical aggravation of the injury, *i.e.*, that the amount of the lien should be limited to the amount that the employer is required to pay because of the malpractice. See also 2A A. Larson, Workmen's Compensation §72.65(b) (1952).

As noted above, section 5(b) of the Workers' Compensation Act states that an employer may have or may claim a lien upon any award an injured employee receives from a third party where the employee's injury is "caused under circumstances creating a legal liability for damages" on the part of the third party.

Here, plaintiff's original injury was not caused under circumstances creating legal liability on the part of a third party. Accordingly, we hold Liberty was not entitled to a lien in connection with any portion of the payment that accrued during the 2½-year period between plaintiff's original injury and the surgery that aggravated the injury. (See 37 Ill. L. & Prac. *Workers' Compensation* §23 (1987); 101 C.J.S. Workmen's Compensation §1044 (1958).) As the Nevada Appellate Court pointed out in *Breen,* to hold otherwise would result in the employee receiving no compensation for premalpractice injuries. See *Breen,* 102 Nev. at 83, 715 P.2d at 1073.

For the foregoing reasons, we reverse the order of the trial court granting Liberty a lien in the amount of $73,899, and we remand this cause for a determination of what portion of the payment related to the period before plaintiff's surgery.

Reversed and remanded with directions.

HARTMAN and DiVITO, JJ., concur.