LARRY FRET, Plaintiff-Appellee, v. EDWARD TEPPER, Defendant (The Department of Transportation, Defendant-Appellant).

First District (1st Division)   No. 1—91—1064

Opinion filed June 7, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellant.

Alfieri, Abbene, Durkin & Dailey, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal brought by Illinois Department of Transportation (hereafter the Department), which challenges the trial court's entry of an order limiting the Department's workers' compensation lien pursuant to section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b)). Although plaintiff, Larry Fret (hereafter plaintiff), filed a motion to adjudicate the lien held by the Department following his settlement of the underlying personal injury lawsuit against defendant, Edward Tepper (hereafter defendant), the trial court failed to conduct an evidentiary hearing to determine the amount of the settlement to be attributed to the lien. Consequently, we vacate the order and remand this matter for an evidentiary hearing to determine what amount of the settlement should be applied to the Department's lien.

The pertinent facts follow. Plaintiff was employed as a highway maintainer with the Department. On June 6, 1984, he was involved in a vehicular accident with defendant while driving a truck for his employer. Plaintiff received medical treatment and workers' compensation benefits from the Department for the injuries he suffered. According to his deposition testimony, plaintiff remained off work for three weeks during which time he was examined once on July 19, 1984, by Dr. Ben Camacho, a physician hired by the Department to assess plaintiff's injuries and disabilities. Dr. Camacho concluded that plaintiff would be fully recovered from any injuries sustained and able to return to his normal duties with the Department in about a week. Although plaintiff returned to work on July 30, 1984, he worked intermittently for approximately one month.

On August 29, 1984, while driving a tractor mower, plaintiff hit a bump and either injured anew or reinjured his back. As a result of this accident, plaintiff was hospitalized for a month but eventually returned to work briefly in December 1984 until he finally quit in January 1985. Plaintiff also received workers' compensation benefits from the Department during this time. The record also reflects, as exhibitory parts of the Department's motion for reconsideration, a copy of the settlement contract lump sum petition and order and a copy of the memorandum of decision of the arbitrator filed in the ongoing workers' compensation proceedings between plaintiff and the Department.

In the interim, plaintiff filed a personal injury lawsuit against the driver of the other vehicle, defendant Tepper. Although the original lawsuit was dismissed by voluntary nonsuit due to the inability of the

plaintiff to locate the defendant, defendant's motion to dismiss was denied by the trial court and plaintiff was allowed to refile his complaint. Plaintiff and defendant then negotiated a settlement for $12,000 and the trial court subsequently dismissed the lawsuit.

Plaintiff then filed a motion to adjudicate the workers' compensation lien held by the Department. In the motion, plaintiff stated that the Department was claiming a lien in excess of $20,000. During the hearing on the motion to adjudicate, plaintiff's counsel represented to the trial court that two accidents were involved rather than one and that the Department alone, not defendant Tepper, was the responsible party for the second on-the-job accident. The Department responded that only one worker's compensation claim had been processed and that, if anything, the second injury was a mere aggravation of the first injury which entitled it to attach the lien to the entire settlement. Without the benefit of an evidentiary hearing, the trial court entered an order on October 24, 1990, adjudicating the Department's lien. The court found that the amount of the benefits attributable to the vehicular accident between plaintiff and defendant was $2,702.96. This sum represented medical bills of $219.75 and $529 and temporary total disability benefits of $1,954.21. After deducting 25% from the figure for attorney fees, the court ruled that the final figure owed the Department was $2,027.22. The court also ruled that the amount of compensation benefits over and above $2,702.96 was "attributable to and results from the 8/29/84 accident as an employee of the Illinois Department of Transportation."

On its motion for reconsideration, the Department argued that the trial court first erred by permitting settlement of the lawsuit without the consent of the Department pursuant to section 5 of the Act. The Department also argued that the court improperly accepted plaintiff's representations that there were really two accidents instead of one accident. The Department urged that the trial court improperly accepted plaintiff's theory that a second accident was alleged to have occurred on August 29, 1984, for which the Department could attach no lien.

Nevertheless, without settling the substantive issues, the trial court reiterated that the Department's lien covered only benefits paid between June 6, 1984, and August 29, 1984, and that the remaining benefits were not subject to the lien held by the Department. After the trial court denied the Department's motion for reconsideration, it filed a timely notice of appeal. This court granted the Department's motion to stay the trial court proceedings pending resolution of the appeal.

■ Section 5(b) of the Act provides:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

\*\*\*

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in the action. The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by Court order." Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).

In the instant case, the propriety of the adjudication of the Department's lien pursuant to section 5(b) revolves around the statutory language: "[w]here the injury or death for which compensation is pay-

able under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages." (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) Plaintiff contends that the June injury occurred under circumstances creating liability to pay damages on the part of the defendant. However, he asserts that the August 29, 1984, injury was a second work-related injury for which the defendant has no liability to pay damages to him. Thus, any benefits paid to him by the Department for the August injury and resulting disability cannot be claimed by the Department as "compensation" for which a third party was responsible and which the Department could recoup from him in its lien. He contends that the trial court properly allowed the Department to collect its lien only from compensation benefits paid from the June to the August injury and properly denied all other amounts.

The Department contends that the August 29, 1984, injury was merely an aggravation of the original injury. Moreover, it maintains that the plaintiff considered it as such as revealed in his own deposition. We have reviewed the record and note preliminarily, that is, without the benefit of testimony, expert or otherwise, or evidence of record, that it bears out the Department's position.

For example, a review of the pleadings below demonstrates that in the underlying complaint, plaintiff sought damages only for the accident which occurred on June 6, 1984. However, in his response to defendant's interrogatories, plaintiff listed several attending physicians and the dates on which they rendered services as follows: August 29, 1984 to September 28, 1984 and June 12, 1984 to July 11, 1984. He also listed the hospital and medical bills as: June 6, 1984—$219.85; June 7, 1984—$529; August 30, 1984 to November 10, 1984—$9,100.24. Plaintiff then further attributed time he was unable to work as a result of the injury as follows: June 4, 1984 to June 25, 1984; June 29, 1984 to July 29, 1984 and August 30, 1984 to December 17, 1984. Finally, in response to question No. 13, plaintiff responded that he "aggravated his back by having to return to work" and "on a tractor cutting grass on a highway near Elmhurst."

■ The law is well established that where any normal activity can aggravate an employee's preexisting condition, disability resulting from the aggravation is not compensable under the Act. (*Reliance Elevator Co. v. Industrial Comm'n* (1988), 171 Ill. App. 3d 18, 524 N.E.2d 1022.) However, a work-related aggravation of a preexisting problem can properly be found to entitle a claimant to compensation. (*Anderson Clayton Foods v. Industrial Comm'n* (1988), 171 Ill. App. 3d 457, 526 N.E.2d 844.) Before he can receive benefits, however, the

employee must demonstrate that the employment significantly contributed to the injury by placing him in a position increasing the dangerous effects of the physical act which revealed the condition of ill-being. (*Pryor v. Industrial Comm'n* (1990), 201 Ill. App. 3d 1, 558 N.E.2d 788.) Nowhere does the law mandate that this aggravation is a second or separate and distinct injury for which the employer alone is liable to the employee. To the contrary, the plaintiff here sought damages from the defendant for the injury which occurred on August 29, 1984, as if it were an aggravated condition of the injury of June 6, 1984.

■■ Moreover, as noted above, the record here does not support the trial court's purported finding that a second, separate accident occurred on August 29, 1984, for which the Department paid separate workers' compensation benefits. Plaintiff processed a claim for only one loss. His lawsuit against defendant claimed only one injury. He also claimed an aggravation of the initial injury as a result of the tractor injury on August 29, 1984. The settlement was based on medicals and time lost from work for a period commencing with the June 1984 injury until December 1984. Consequently, in addition to resolution of the issues of whether a second separate accident ensued or whether the second injury was merely an aggravation of the first injury, we also believe a question is raised as to what amount of the settlement, purportedly based upon the plaintiff's medicals and specials, should be attributed to the Department's lien.

Accordingly, based on a plain reading of the Act, we conclude that the Department is entitled to workers' compensation payments it made to the plaintiff for injury or injuries he sustained to the extent he has obtained a recovery in the underlying personal injury lawsuit for that injury or those injuries. Pursuant to section 5(b), to the extent that a recovery is had from a third party, an employer is entitled to be reimbursed for the compensation benefits it paid. To hold otherwise would be to permit the employee to receive a double recovery, one from the third party and the other from his own employer. *Continental Casualty Co. v. Sweda* (1969), 113 Ill. App. 2d 423, 427-28, 251 N.E.2d 65, 67.

■■ Moreover, the Illinois Supreme Court has opined that the plain meaning of section 5(b) imposes the duty of protecting the employer's lien upon the court. The court states, "where a settlement between the employee and the third party is reached, the statute requires either the employer's consent or an order of the court protecting him. There can be little question that what is protected is the employer's right to be reimbursed for the 'amount of compensation paid

or to be paid by him to such employee \*\*\*.' " (*Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421, 426, 484 N.E.2d 1076, quoting Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).) Here, the record is clear that the Department did not provide its written consent for the settlement and it is unclear whether the Department was fully indemnified or protected by court order. On remand the trial court must consider whether the Department's lien is protected. See *Insurance Co. of North America v. Andrew* (1990), 206 Ill. App. 3d 515, 521, 564 N.E.2d 939.

Finally, as argued by the parties on appeal, we have revisited this court's recent opinion in *Robinson v. Liberty Mutual Insurance Co.* (1991), 222 Ill. App. 3d 443, 584 N.E.2d 182. In *Robinson*, the plaintiff suffered a work-related injury and applied for workers' compensation benefits. Two and one-half years later, he underwent surgery which left him in worse condition. Plaintiff then filed a medical malpractice lawsuit against the surgeon. He claimed the surgery was necessary because of the prior injury, and he also sought and received compensation benefits for the surgery. When the malpractice suit settled, the workers' compensation carrier sought reimbursement for its entire lien. This court held that the carrier was not entitled to reimbursement for the benefits it paid to the plaintiff prior to the surgery because the services were incurred prior to the surgery and were not related to the medical malpractice suit. Under *Robinson*, there were two separate and distinct causes for the plaintiff's injuries.

The *Robinson* case may or may not lend support to the respective parties on remand. On the one hand, the record in this appeal fails to show that there were two separate causes for plaintiff's back injury since it does show that plaintiff made a claim for workers' compensation benefits for the intermittent periods when he was off work between June and December 1984 and he attributed all of the time off work to the accident of June 6, 1984. This includes benefits he received, according to his deposition testimony, after he aggravated the injury on August 29, 1984. On the other hand, the deposition testimony of the Department's physician, Dr. Camacho, reveals the expert testimony of a medical professional that plaintiff had fully recovered from the June 1984 accident. This conclusion standing alone, as it does now, without the benefit of other expert testimony or any testimony about the expenses attributable to that injury or the aggravation of the injury, if any, might lead one to a contrary position. As stated in *Robinson*, most courts have ruled that the employer's lien should extend to only those expenses attributable to the medical aggravation of the injury. *Robinson*, 222 Ill. App. 3d at 447.

However, because no motions for summary disposition were of record, because there was no testimony, and because no evidence was introduced or admitted into the record, we would be remiss to assess what is included in the record on appeal and draw our own conclusions. The trial court stated it was normal for the court to determine the claim and we agree, with the caveat that it must be done in a manner in light of a proper record. In *Bart v. Union Oil Co.* (1992), 236 Ill. App. 3d 964, 603 N.E.2d 77, this court stated that a trial court has the authority to determine to which of several claims a settlement amount is attributable. In that case, the court simply failed even to attempt to allocate proceeds among plaintiff's various claims. However, the difference in *Bart* and the instant case is that there the court's decision would have followed a full hearing. All that remained was for the court to determine what amount of the settlement therein should have been offset by benefits paid.

Accordingly, we reverse and remand this cause for an evidentiary hearing to adjudicate the Department's lien by determining what amount of the workers' compensation lien attaches to the settlement and to resolve other substantive issues in a manner not inconsistent with this opinion.

Reversed and remanded for further proceedings.

CAMPBELL and O'CONNOR, JJ., concur.