**BRENDA PRENTICE, Respondent, v WALTER J. LEVY et al., Defendants. TOPS, INC., et al., Appellants.** [813 NYS2d 234]—

Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 2, 2005 in Tompkins County, which granted plaintiff's motion for an order establishing the amount of a workers' compensation lien.

Plaintiff sustained a work-related injury to her cervical spine in May 1998 while in the employ of Tops, Inc. Thereafter, in January 1999, plaintiff underwent spinal surgery at the hands of defendant Walter J. Levy. That procedure included, among other things, fusion and the installation of a plate with screws. When that operation failed to alleviate plaintiff's pain and other symptoms, plaintiff underwent a second surgery on her cervical spine in January 2002, during which, among other things, the plate and screws installed by Levy, which had loosened, were removed. Plaintiff's symptoms persisted, however, and independent medical examinations performed in July 1999, April 2001 and July 2002 indicated that plaintiff had a partial moderate disability.

Plaintiff commenced and subsequently settled this medical malpractice action brought against, among others, Levy for $400,000. As a result Tops, plaintiff's self-insured employer, became a lienholder against the settlement pursuant to Workers' Compensation Law § 29 (1). Plaintiff then moved to establish the amount of the lien at $22,442.91, which amount was derived from the cost of the surgery and treatment provided by Levy. Tops and its risk management administrator, MAC Risk Management, Inc. (hereinafter collectively referred to as the carrier), opposed plaintiff's application, contending that the amount of the lien was at least $38,145.39, and requested a hearing to establish the amount of the lien. Following oral argument, Supreme Court ordered that the carrier's lien "be established on an interim basis, without prejudice, in the amount of . . . $22,442.91" and appointed a referee "to hear and report to counsel and the Court, including his findings and recommendations as to the amount of the holiday/offset of [plaintiff's] workers' compensation payments and medical malpractice settlement." Inasmuch as the carrier requested appointment of the referee, Supreme Court ordered that it bear the costs associated therewith. This appeal by the carrier ensued.*

We affirm. Where, as here, the injured employee receives both

---

* Plaintiff's subsequent application to dismiss this appeal as premature was denied by this Court.

workers' compensation benefits and a malpractice action recovery, the employer remains liable for the injury " 'apart from the malpractice' " (*Drypolcher v New York Tel. Co.*, 85 AD2d 895, 895 [1981], quoting *Matter of Parchefsky v Kroll Bros.*, 267 NY 410, 418 [1935]). Stated another way, the lienor may recover only those sums expended as a result of the malpractice (*see Drypolcher v New York Tel. Co., supra*).

Here, the parties do not dispute that the carrier is entitled to recover the payments made to plaintiff that are attributable to the negligent treatment rendered by Levy (*see* Workers' Compensation Law § 29 [1]), as well as an offset for future payments for the degree of disability, if any, attributable to such malpractice (*see* Workers' Compensation Law § 29 [4]). The carrier, however, argues that Supreme Court erred in establishing the amount of the lien without first conducting a hearing and, further, by permitting distribution of the balance of the settlement proceeds, thereby effectively relegating the carrier's recovery of the lien to future offsets against compensation benefits.

To be sure, Supreme Court could, and perhaps should, have conducted the hearing itself prior to provisionally establishing the amount of the lien (*see Drypolcher v New York Tel. Co., supra*). However, the underlying order makes clear, on its face, that the amount established ($22,442.91) was done so on an "interim basis, without prejudice." Hence, for the carrier to argue that the amount of the lien has been irrevocably fixed without any opportunity to offer testimony or other evidence as to the proper amount thereof simply is incorrect.

Moreover, it is equally apparent that Supreme Court's directive—that the referee appointed "hear and report to counsel and the Court, including his findings and recommendations as to the amount of the holiday/offset of [plaintiff's] workers' compensation payments and medical malpractice settlement"—is sufficiently broad to encompass the type of evidentiary hearing envisioned by the carrier. Plainly, the amount of the carrier's lien and/or offset cannot be established without testimony or other evidence demonstrating the degree to which Levy's malpractice impacted plaintiff's disability and, hence, which of the sums expended by the carrier are recoverable (*see id.*). Without such proof, it cannot be demonstrated whether, for example, plaintiff's second surgical procedure was, as the carrier contends, necessitated by Levy's negligence or, as plaintiff appears to argue, by nothing more than the nonnegligent failure of the first procedure to alleviate her symptoms. Given the particular circumstances present here, we fail to discern how

the carrier is prejudiced by having this hearing conducted by a referee, as opposed to Supreme Court, in the first instance or, more to the point, the manner in which establishing the lien "on an interim basis, without prejudice" ultimately impacts the carrier's ability to recover the sums to which it is entitled. Accordingly, Supreme Court's order is affirmed.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.